UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAURICE KING, | ) |
| | ) |
|      **Plaintiff,** | ) |
| | ) |
|     v. | )    Civil Action No. 04-2273 (CKK) |
| | ) |
| MONTGOMERY COUNTY POLICE, | ) |
| | ) |
|      **Defendant.** | ) |

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has filed this action against the Montgomery County Police, alleging that Defendant subjected him to discrimination and that police officers were negligent in the performance of their duties. Defendant has filed a motion to dismiss.[1] Because the Court concludes that the District of Columbia is not the proper venue for this action, the case will be transferred to the United States District Court for the District of Maryland.

*Background*

Plaintiff alleges that between July 7, 2000 and March 31, 2003, he resided with his spouse in Silver Spring, Maryland. Complaint ("Compl."), ¶ 1. On May 7, 2001, Plaintiff claims he left his home and went to Holy Cross Hospital in Silver Spring because his wife was harassing him to the point that he had fallen ill. *Id.*, ¶ 3. Plaintiff telephoned the Montgomery County Police and two officers came to the hospital. *Id.* According to Plaintiff, one of the

---

[1] The Court informed Plaintiff that failure to respond to the motion to dismiss may result in dismissal of this action. *See Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988). Plaintiff filed a document titled "Response to Motion to Dismiss." The pleading does not address any of the legal arguments made in the motion; instead, Plaintiff merely states that he seeks the appointment of counsel.

officers argued with him and told him he could not leave his house.  *Id.*

On August 18, 2002, Plaintiff alleges that he reported to Defendant that his wife had apparently abandoned him and taken their children with her.  *Id.*, ¶ 4.  A female officer was rude and insolent to Plaintiff, he claims, telling him that there was nothing the police could do for him.  *Id.*   Plaintiff, his wife, two case workers, and two police officers met at Plaintiff's residence on August 26, 2002 so that Plaintiff's wife could remove her belongings.  *Id.*, ¶ 5. When Plaintiff sought to prevent his wife from entering his bedroom, Plaintiff alleges he was restrained by the police officers.  *Id.*  According to Plaintiff, the officers uttered personal insults, including ridiculing Plaintiff's disability and religious preference.  *Id.*  The officers also did not permit Plaintiff to speak to his minor children.  *Id.*

In March, 2003, Plaintiff noticed that property was missing from his residence, including musical instruments and United States Savings Bonds.  *Id.*, ¶ 6.  That same month, Plaintiff's vehicle was stolen.  *Id.*  Montgomery County police arrested a suspect*,* but he was released without notice to Plaintiff.  *Id.*, ¶ 7.

*Standard of Review*

Defendant moves for dismissal on the grounds that the District of Columbia is an improper venue for this action, Plaintiff has failed to state a claim upon which relief can be granted, and the Montgomery County Police is not a proper party defendant.  In ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff.  *Taylor v. Fed. Deposit Ins. Corp.*, 132 F.3d 753, 761 (D.C. Cir. 1997).  "[A] complaint should not be dismissed for failure to state a claim

unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Swierkiewicz v. Sorema*, 534 U.S. 506, 515 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

*Discussion*

Since Plaintiff has not asserted a federal statutory basis for his claim, the Court will assume this case is one founded in diversity. Title 28 United States Code, Section 1391(a) provides that a federal diversity action may be brought only in (1) a judicial district where the defendant resides; (2) a judicial district where a substantial part of the events or omissions giving rise to the claim occurred; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced if there is no other district in which the action may be brought. In this case, the sole defendant is located in Montgomery County, Maryland. All of the operative events alleged in the complaint occurred in the State of Maryland, including Plaintiff's residence. The District of Columbia has no apparent connection to this case except for being the place of Plaintiff's residence at the time of filing the complaint . Therefore, there is no basis for venue in this Court.

When a court concludes that venue is improper, it can either dismiss the complaint without prejudice or transfer for the case "in the interest of justice" to any district in which the action could have been brought. 28 U.S.C. § 1406(a); *see also Bourke v. Hawk-Sawyer*, 269

F.3d 1072, 1074 (D.C. Cir. 2001). Under Title 28 U.S.C. § 1404(a) a court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interests of justice." In considering whether transfer would be proper, the court considers the following factors:

> [T]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory processes to compel the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of potential transferor and transferee courts; and other practical aspects of expeditiously and conveniently conducting a trial.

*SEC v. Page Airways*, 464 F.Supp. 461, 463 (D.D.C. 1978).

After applying these factors, the Court concludes that in the interest of justice, this case should be transferred.

*Conclusion*

Venue is improper in this jurisdiction. The case will be transferred to the United States District Court for the District of Maryland. A separate order accompanies this Memorandum Opinion.

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

DATE: July 14, 2005